The Honorable Vic Snyder State Senator 324 South Valmar Little Rock, AR 72205
Dear Senator Snyder:
This is in response to your request for an opinion on the following three questions regarding physician's trained assistants:
 (1) A September 1, 1992 Department of Health Opinion states that a Physician's Trained Assistant may write verbal orders. What is meant by "write verbal orders?"
 (2) Regulation 4(15) states that the supervising physician must sign all prescriptions. How is this to be interpreted in light of Regulation 4(3) which provides for the giving of care away from the supervising physician? May a PTA call a prescription in to a pharmacy? Under what circumstances?
 (3) Ark. Code Ann. § 17-94-102 requires that the PTA may provide services outside the presence of "the physician but under conditions where the physician can be reached immediately by the Physicians' Trained Assistant by communication facilities." Please clarify the limitation placed on the Physicians' Trained Assistant by this statute.
With respect to your first question, I have been unable to locate the Department of Health Opinion you refer to. I have likewise been unable to find any other legal document containing the statement in question. Thus, while I cannot define the term "write verbal orders" in a particular context, I can provide you with my understanding of the term. In my opinion, to "write verbal orders" means to write down an order given verbally by a physician. For example, if a physician tells a nurse or a physician's trained assistant to give a patient a certain amount of a certain drug, the writing down of that verbal order on paper, such as the patient's chart, would constitute the act of writing a verbal order.
In response to your second question, let me begin by noting that Regulation 4 comprises the Arkansas State Medical Board's regulations regarding physician's trained assistants. As you note in your opinion request, Regulation 4(3) authorizes the giving of care by a physician's trained assistant outside the presence of the supervising physician. It provides:
 The work of the physician's trained assistant shall be done under the supervision of a physician who retains responsibility for patient care, although the physician need not be physically present at each activity of the assistant nor be specifically consulted before each delegated task is performed. The physician's trained assistant may be involved with the patients of the physician in any medical setting within the established scope of the physician's practice, not prohibited by law. The physician's trained assistant's service may be utilized in all medical care settings, including the office, the ambulatory clinic, the hospital if approved by the hospital medical staff and board of directors of the hospital, the patient's home, extended care facilities, and nursing homes. Diagnostic and therapeutic procedures common to the physician's practice may be assigned after demonstration of proficiency and competency is made by the physician's trained assistant.
You also note that Regulation 4(15) requires the supervising physician to sign all prescriptions, and ask how this requirement should be interpreted in light of Regulation 4(3). In my opinion, Regulation 4(15) must be interpreted to mean that, regardless of what a physician's trained assistant may be authorized to do under Regulation 4(3), a physician must sign all prescriptions.
You also ask under question (2) whether a physician's trained assistant may call a prescription in to a pharmacy and, if so, under what circumstances. Let me state initially that a physician's trained assistant may not, in my opinion, prescribe drugs. As this office concluded in Opinion 93-113, a copy of which is attached, the authority to prescribe drugs must be granted by statute. No such authority has been given to physician's trained assistants by Arkansas law. Clearly, then, a physician's trained assistant may not call a prescription in to a pharmacy on his or her own initiative.
Whether a physician's trained assistant may, at the direction of the supervising physician, perform the physical act of calling in to a pharmacy a prescription authorized by the physician is a separate question. While this task is not specifically included in the list of tasks and procedures the State Medical Board has authorized a physician's trained assistant to a general or primary care practitioner to perform, see A.C.A. § 17-94-103(b) and Regulations Governing the Physician's Trained Assistant to the General Practitioner, it would, in my opinion, fall within the scope of authorized task No. 7, which is "assisting the employing physician in all settings such as the office, hospitals, if approved by the medical staff and board of directors of the hospital; extended care facilities, nursing homes, and the patient's home." Thus, it is my opinion that a physician's trained assistant may perform this task, at the direction of the supervising physician, to the extent it is otherwise permissible by law or regulation, such as that governing the practice of pharmacy.
Your third question involves A.C.A. § 17-94-102 (1987) and the limitations placed upon a physician's trained assistant by certain language contained therein. Physician's trained assistants are authorized by law to provide services "under the supervision and direction of a licensed physician." See A.C.A. § 17-94-102(2) (1987). Section 17-94-102(4) defines "under the supervision and direction of a licensed physician" to mean:
 the performance of medical acts and procedures by a physician's trained assistant which have been specifically authorized and directed by a physician and may be performed by the physician's trained assistant outside the presence of the physician but under conditions where the physician can be reached immediately by the physician's trained assistant by communication facilities.
You have asked what limitations are placed upon a physician's trained assistant by the language "under conditions where the physician can be reached immediately by the physician's trained assistant by communication facilities?" I have been unable to find a legal interpretation of this phrase; nonetheless, it appears to be fairly self-explanatory. In my opinion, the language only permits the physician's trained assistant to perform medical acts and procedures outside the presence of the supervising physician when the assistant can reach the physician immediately by communication facilities. This means that the physician must be immediately accessible by some communication facility, such as the telephone, cellular phone, or fax machine. Whether a physician would be considered immediately accessible in a particular situation will have to be determined on a case by case basis.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh